STATE *v.* WILLIAM JOHNSON and ANDREW MELVILLE.

A man's concubine is a competent witness in his behalf.

APPEAL from the First District Court of New Orleans, *Robertson*, J.
*Morse*, (Attorney General,) for the State.    *Waples*, for defendant and appellant.

CAMPBELL, J. (VOORHIES, J., and BUCHANAN, J., absent.)   The only question for our decision, is presented in a bill of exceptions taken by the defendants, on their trial for murder, to the refusal by the court to permit *Martha Field*, who was offered as a witness, to be sworn and examined in their behalf.

In answer to questions propounded to her on her *voir dire*, she declared that she had lived with *Melville*, one of the accused, as man and wife, for four years; but that she had never been his wife—had never been married to him.

We think the Judge erred in deciding that these facts destroyed the competency of the witness.  .In our opinion, they affected her credibility only.   She not only declares herself not to be the wife of the prisoner *Melville*, but for ought that appears, the parties never were reputed to be husband and wife, or supposed themselves married, or that she bore his name, or that either of them ever acknowledged or avowed that that relation existed between them.   The answers convey to our minds the idea, that though they lived together as man and wife, that is, cohabited, she was his concubine or kept mistress, and not his wife.

The facts do not bring the case within the questionable rule invoked by the State, as established by the decision of Lord Kenyon, when Chief Justice of Chester, which decision seems never to have been reported, but is stated by Richards, Chief Baron, in *Campbell* v. *Tremlows*, 1st Prier, 81.   In that case, the woman had for a long time cohabited with the man, and was acknowledged and passed as his wife.   Even under these circumstances, her incapacity has not only been doubted, but it is believed the current of authority is against the decision.   Wharton's Crim. Law, p. 296.

The rule excluding husband and wife as witnesses for or against each other, is founded chiefly on principles of public policy, which lie at the foundation of civil society; and its disregard would tend, by destroying the confidence which should always subsist in that sacred relation, to impair its sanctity.

"This rule of protection," remarks the late Dr. Greenleaf, in his admirable treatise on the Law of Evidence, vol. 1, s. 389, "is extended only to lawful marriages, or at least, to such as are innocent in the eye of the law."   "If," he adds, "the cohabitation is clearly of an immoral character, as, for example, in the case of a kept mistress, the parties are competent witnesses for and against each other."   This doctrine is asserted in the case of *Batthews* v. *Galindo*, 4 Bing. 610, and was adopted by our own courts as the true rule, at an early day.

In the case of *M. Cornier* v. *Couet*, 2 M. R. p. 56, a witness having been objected to, on the ground that defendant lived with him as his wife, though they were not married, was permitted to testify; the court holding that this went only to the witness' credit, not to his competency.   We assent to the correctness of this decision, and are unwilling to disturb it.

It is for these reasons ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed, and this case remanded for a new trial, with instructions to the said court not to reject *Martha Field*, as a witness in behalf of defendants, on the ground stated, and otherwise to proceed in conformity with law and the opinions herein expressed.